**XIU RONG LIN, Petitioner,**

v.

**Michael B. MUKASEY,[1] U.S. Attorney General, Respondent.**

No. 07–4307–ag.

United States Court of Appeals, Second Circuit.

Oct. 27, 2008.

Fengling Liu, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Mark C. Walters, Assistant Director; Julie M. Iversen, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Xiu Rong Lin, a native and citizen of the People's Republic of China, seeks review of a September 14, 2007 order affirming in part the March 21, 2003 decision of Immigration Judge ("IJ") Sarah Burr denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Rong Lin,* No. A78 438 543 (B.I.A. Sept. 14, 2007), *aff'g*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as a respondent in this case.

No. A78 438 543 (Immig. Ct. N.Y. City, Mar. 21, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues a decision on remand from this Court, adopting the IJ's decision in part and supplementing that decision, we review the underlying IJ decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005); *see also Belortaja v. Gonzales*, 484 F.3d 619, 622–623 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't. of Justice*, 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law including "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005) (internal citation omitted).

We conclude that the agency's denial of relief in this case was supported by the record. The agency did not err in concluding that the harm to which Lin testified did not rise to the level of persecution. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006). While Lin properly argues that harm alleged need not be physical to constitute persecution, her reliance on *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir.2006) is misplaced. In *Beskovic*, we found that a minor beating may rise to the level of persecution where it occurs in the context of a detention on the basis of a protected ground. *Id.* However, we also noted our prior prece-

dent, *Ai Feng Yuan*, in which we found that a petitioner who was detained twice but not beaten or mistreated in detention had not established past persecution. *See Beskovic*, 467 F.3d at 226 n. 3 (citing *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir.2005) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007)).

Lin testified that she was detained for less than a day before being set free by a "very nice old man" who was guarding her. As she did not testify to any mistreatment in detention, Lin's experience is similar to that of the petitioner in *Ai Feng Yuan*. In Lin's case, the agency considered the record, including the absence of any physical abuse, and determined that the alleged harm did not rise to the level of past persecution. *Cf. Poradisova v. Gonzales*, 420 F.3d 70, 79 (2d Cir.2005) (remanding where the agency failed to consider "significant portions of the Poradisovas' testimony" in assessing past persecution). We have found that where the immigration court determines "on the basis of the whole record" that mistreatment did not rise to the level of persecution, we will not "quarrel with the decision; for we recognize that the difference between harassment and persecution is necessarily one of degree that must be decided on a case-by-case basis." *Ivanishvili*, 433 F.3d at 341. Thus, we find no error in the agency's determination that Lin failed to establish past persecution.

The agency also properly determined that Lin did not establish a well-founded fear of persecution based on either her alleged "resistance" to China's population control program or on the birth of her two children. To establish asylum eligibility based on a fear of future persecution, an applicant must show that she subjectively fears persecution and that this fear is ob-

**56**

jectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). On remand from this Court, Lin presented no additional evidence to support her claims. Accordingly, she did not establish that any fear based on her resistance was objectively reasonable. Similarly, she presented no evidence regarding her claimed fear on the basis of her two children. In the absence of any such evidence, her claim was "speculative at best." *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005). To the extent Lin attempts to rely on evidence that is not part of the administrative record, we decline to consider such evidence. *See* 8 U.S.C. § 1252(b)(4)(A); *see also Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir.2007). Accordingly, the agency's denial of Lin's application for asylum was not in error.

Finally, because Lin has failed to sufficiently challenge the agency's denial of withholding of removal and relief under the CAT before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.